IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

FILED

DAVID CREWS, CLERK
BY

UNITED STATES OF AMERICA

v.

CRIMINAL NO: 4:15 CR 051

CHRISTOPHER SINGLETON
DEXTER NELSON
SAMMIE DILLARD
CARWIN BINGHAM
LAKEISHA BALKET
MONTRELL FLEMING

21 U.S.C. § 841
21 U.S.C. § 846
18 U.S.C. § 1956

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

Commencing on or about July 2013, and continuing until at least February 2015, in the Northern District of Mississippi and elsewhere, the defendants, CHRISTOPHER SINGLETON, DEXTER NELSON, SAMMIE DILLARD, CARWIN BINGHAM, LAKEISHA BALKET, and MONTRELL FLEMING did knowingly and willfully combine, conspire, and agree with each other and persons both known and unknown to the Grand Jury to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), all in violation of Title 21, United States Code, Section 846.

### COUNT TWO

From on or about July 2013, and continuing until at least February 2015, both dates being approximate and inclusive, in the Northern District of Mississippi and elsewhere, defendant, CHRISTOPHER SINGLETON, DEXTER NELSON, CARWIN BINGHAM, LAKEISHA

BALKET, and others, did unlawfully knowingly and intentionally combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States, all in violation of Title 18, United States Code, Section 1956, to wit:

To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of a controlled substance, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, that is, possession with intent to distribute and distribution of cocaine and marijuana, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

It was part of the conspiracy that CHRISTOPHER SINGLETON, DEXTER NELSON, CARWIN BINGHAM, LAKEISHA BALKET and others, would and did distribute and possess with intent to distribute cocaine and marijuana into the Northern District of Mississippi and elsewhere, thereby acquiring sums of money.

It was part of the conspiracy that CHRISTOPHER SINGLETON, DEXTER NELSON, CARWIN BINGHAM, and LAKEISHA BALKET would and did conduct and attempt to conduct financial transactions. BINGHAM directed BALKET to pick up proceeds from drug transactions from SINGLETON and store them in a duffle bag in a vehicle in order to conceal

and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity. BALKET would pick up the proceeds from other co-conspirators, including SINGLETON and deliver them to BINGHAM. NELSON and SINGLETON devised a scheme using a trucking company to travel with concealed drug proceeds from Mississippi to Texas, meet BALKET, purchase cocaine and marijuana, and travel back to Mississippi with the cocaine and marijuana. This scheme was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

It was part of the conspiracy that CHRISTOPHER SINGLETON and DEXTER NELSON would and did conduct financial transactions. It was also part of the conspiracy that NELSON owned a trucking business, GIVE AND RECEIVE, LLC, which he filed with the Secretary of State for the State of Mississippi in order to conceal the laundering of drug trafficking proceeds. NELSON purchased an eighteen wheeler, which was used in tandem with the establishment of the limited liability corporation to disguise the drug trafficking and transportation of the concealed drug proceeds. SINGLETON would frequently conceal proceeds in the eighteen wheeler and travel across state lines for the sole purpose of conducting drug transactions. This scheme was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity all in violation of Title 18, United States Code, Section 1956(h).

## COUNT THREE

On or about February 28, 2014, in the Northern District of Mississippi, the defendant CHRISTOPHER SINGLETON did unlawfully, knowingly and intentionally distribute cocaine hydrochloride, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT FOUR

On or about March 14, 2014, in the Northern District of Mississippi, the defendant CHRISTOPHER SINGLETON did unlawfully, knowingly and intentionally distribute cocaine hydrochloride, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT FIVE

On or about March 20, 2014, in the Northern District of Mississippi, the defendant SAMMIE DILLARD did unlawfully, knowingly and intentionally distribute cocaine base, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT SIX

On or about April 9, 2014, in the Northern District of Mississippi, the defendant CHRISTOPHER SINGLETON did unlawfully, knowingly and intentionally distribute cocaine hydrochloride, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT SEVEN

On or about April 17, 2014, in the Northern District of Mississippi, the defendant SAMMIE DILLARD did unlawfully, knowingly and intentionally distribute cocaine base, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT EIGHT

On or about May 23, 2014, in the Northern District of Mississippi, the defendant CHRISTOPHER SINGLETON did unlawfully, knowingly and intentionally distribute cocaine hydrochloride, a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT NINE

On or about July 8, 2014, in the Northern District of Mississippi, the defendant CHRISTOPHER SINGLETON did unlawfully, knowingly and intentionally possess with the intent to distribute cocaine hydrochloride, a Schedule II controlled substance as classified by Title 21, United States Code, and marijuana, a Schedule I controlled substance as classified by Title 21, United States Code Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

### Forfeiture Provision

The allegations contained in Counts One, and Three through Nine of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846 and/or Section 841, the defendants, CHRISTOPHER SINGLETON, DEXTER NELSON, SAMMIE DILLARD, CARWIN BINGHAM, LAKEISHA BALKET, and MONTRELL FLEMING, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

Further, the allegations contained in Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendants CHRISTOPHER SINGLETON, DEXTER NELSON, CARWIN BINGHAM, LAKEISHA BALKET, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

If any of the property described above, as a result of any act or omission of the defendant[s]:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Section 853(p) as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

The United States further reserves its right to seek forfeiture in the form of a money judgment against any of the defendants named herein in an amount equal to the illegal proceeds obtained by the defendants as result of the violations specified in this Indictment.

A TRUE BILL

_Felicia C. Adams_
**UNITED STATES ATTORNEY**

_/s/ Signature Redacted_
**FOREPERSON**

7